FREDERICK A. CARD, Appellant, v. MARY H. MEINCKE et al.,
Respondents.

72 299
3ap282

*Action by a judgment creditor to reach the income of a trust fund — evidence as to
the sufficiency of the income.*

In an action brought to reach and have applied on a judgment what the judg-
ment creditor claimed was the excess of the income of a trust fund over what
was necessary to support the judgment debtor, the defendant Meincke, the
plaintiff proved that the income of the fund was $2,186.96 a year.

The defendant Meincke proved that prior to the death of her husband, under
whose will the defendant was entitled to the income of the fund for her life,
they had lived much more sumptuously than she had since, and the plaintiff
failed to prove satisfactorily that the defendant Meincke could live comfortably
on less than the income of the fund.

*Held,* that it was apparent that the income of the fund was not more than enough
to support the defendant properly, and that the plaintiff's complaint was
properly dismissed.

APPEAL by the plaintiff, Frederick A. Card, from a judgment of
the Supreme Court in favor of the defendant, rendered at the New
York Special Term and entered in the office of the clerk of the city
and county of New York on the 7th day of March, 1893, dismiss-
ing the plaintiff's complaint.

The defendant Meincke's husband left her the income for life of
a trust fund of about $40,000, the income varying from $2,000 to
$2,500. The plaintiff recovered judgment against her for $163.85,
and brought this action to reach the income of the fund, claiming
that it was more than sufficient to support the defendant.

It was found as a fact by the court before which the trial was had
that the annual income of the fund was $2,186.96.

The evidence of a witness offered on behalf of the plaintiff was
to the effect that he (the witness) supported a family of five persons
and had two servants, in Brooklyn, where the defendant resided, for
$1,400 a year.

The defendant testified that prior to her husband's death she had
lived much more expensively than subsequently; that she paid $1,000
rent for her house and required the assistance of her sons to run
the same.

*L. Karge,* for the appellant.

*F. W. Hinrichs,* for the respondents.

PER CURIAM:

We see no reason for interfering with the conclusion arrived at by the learned judge below. The evidence of the plaintiff in regard to the amount necessary to support the defendant was entirely unsatisfactory and unreliable, the figures of the principal witness not by any means maintaining his conclusions. It seems to be apparent from the evidence which was introduced upon the part of the plaintiff that the amount received by the defendant from the provision made for her by her husband was not in excess of that which was necessary for her decent and proper support. And there seems to be no reason why any part of the money with which the husband had endeavored to provide for the support of his widow should be anticipated by her creditors, and she deprived of the use of the same for the purpose of support.

The question in regard to the form of the judgment entered has been discussed in the opinion on the appeal from the order in this action, decided herewith.

The judgment should be affirmed, with costs.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Judgment affirmed, with costs.